Gaston, J.
 

 The ground, on which the plaintiff rests his title to relief here, is the breach of good faith on the part of the defendant’s intestate, in refusing to allow the credits claimed, as he was bound to do by his agreement. The silence in the answer as to that agreement is a suspi-' cious circumstance; but, according to the rules of a court of equity, it does not amount to an admission of the matter charged. When an answer is believed to be designedly defective, for the purpose of imposing on the plaintiff the bur-then of proving what the defendant is in conscience bound to admit, the proper course is to except to the answer and compel the defendant to put in a complete one. The agreement being neither admitted nor denied, the plaintiff is put to proof of it, and the only evidence tending to establish it is that of Tonnison Cheshire. This witness deposes, that on the 18th of April, 1839, the defendant’s intestate confessed before him as a magistrate, and upon that confession the witness rendered, nine judgments, which he particularizes by their respective amounts — that the said intestate requested the plaintiff not to press their collection, and assured him that they should all be allowed in the settlement of whatev-; er recovery the said intestate might make in the suit then pending. No proof is offered of an agreement extending to the other claims of the plaintiff, nor does he prove at all the liability of or a payment by his intestate, because of the
 
 *73
 
 note alleged to have been executed by him as surety for the defendant’s intestate. To the extent of the agreement thus proved, we think the plaintiff is entitled to relief., He could not setup these claims as set offs at law, for the judgments were rendered since the death of his intestate, and therefore were not due in the same right as the demands sought to be enforced by the plaintiff in the suit at law — and besides, the judgments were not rendered until after the suit at law had been brought and the cause put to issue.
 

 The breach of the agreement to allow these judgments as credits is sought to be excused, because the plaintiff unconscientiously availed himself of the statute of limitations to bar some of the demands against his intestate, sought to be recovered in that action. The alleged
 
 fact,
 
 is not shewn by any proof, and, if it were shewn, there is no matter in equity alleged or established, rendering it unconscientious to plead that statute.
 

 The court directs a reference to ascertain what will be the true balance due to the defendant as administrator of Baker Johnson upon the judgment rendered in favor of his intestate, after deducting the amount of the several judgments confessed by the said intestate before the magistrate, and reserves the case for further directions upon the coming in of the answer.
 

 Per Curiam, Reference ordered accqrdingly.